22-10048. Marcus Castillo for the attorney's office. The appellants, and I see you have five minutes for rebuttal, and David Zak for the appellees. And Mr. Castillo, take your time to get set up, but when you're ready, you may approach the podium. Your Honors, may it please the Court when you're ready. Yes. My name is Marcus Castillo. As a matter of nomenclature, the briefing in the prior opinion referred to the appellants as the executives and the appellees as the companies, so I will try to conform to that nomenclature in this argument, with your permission. Sure. And so may it please the Court, this case is making its second appearance before the Court, and in its first opinion, this Court directed the District Court on remand to conduct fact-finding regarding the recyclability of the executives' fees and costs, in other words, their efforts in a separate State court action between the parties. And this case is back before the Court because in the amended order of voluntary dismissal, the Court shifted its analysis from the initial focus on the recyclability of the effort in the State court case onto the recyclability of those efforts in a hypothetical refiled Federal case. So our points of appeal before this panel are as follows. First, whether the District Court on remand exceeded the discretion by failing to conduct fact-finding to determine whether its amended order would sufficiently protect the interests of the executives. A corollary, it's really subsumed within the second argument, but a corollary sort of point that we make in our briefing is whether Rule 41 and the case law and the analysis that comes from Rule 41 was somehow conflated into the analysis that has to take place under Rule 41A2. And we, of course, have briefed that. Let me start with a question about your argument that the District Court exceeded our mandate. Just as a point of clarification, are you arguing that the District Court did so by asking for additional memoranda that identified what work, if any, could be useful in a future Federal case, or are you arguing that the District Court did so by conditioning dismissal on the defendant's ability to move for costs and fees upon refiling in Federal court or something different? Well, really, the first emanates into the second because, in essence, what it did in its amended order, which in the more position exceeded the scope of the mandate, was to first ask the parties to brief that issue and then to proceed to then transfer, if you will, the condition to this hypothetical refiled case. And as we point out in our briefing, in our point number one, and we cite to the Court the South Atlantic case for the proposition that a District Court exceeds the mandate when it violates the letter and the spirit of the opinion, which we believe. So I just — I mean, I'm looking at the bottom line, you know, like the last paragraph of the previous opinion, and it says that on remand, the District Court should address what portion of the work performed by the executive's attorneys in the Federal litigation will be useful in the State court litigation, explaining the basis for its decision. You agree the District Court did that, right? Absolutely agree. Okay. And then it says, after deciding this question, the District Court should weigh the equities and decide whether to condition the dismissal on the company's payment of these expenses. Did the District Court weigh the equities? It did in its initial analysis. That's a great question, Your Honor, because what it did, it didn't — So it did. It did, but then it went beyond — Then did it decide to whether — whether to condition the dismissal on the company's payment of these expenses? It did. It didn't decide it. It considered it. What it did, it found that significant expense was incurred, which was one of the tasks it was set out to do. In fact, it went — it found in the amended order also that the work expended in defense of the business interference claims, the DTSA claims, and in defense of a — an motion for injunction were not going to be recyclable in a State court case. So it did what it was tasked to do, but it then went beyond those boundaries. It went beyond the fence. Well, it's — I mean, we said that the District Court was supposed to decide whether to condition the dismissal on the company's payment of these expenses. So we didn't say you had to condition the dismissal on the payment. We just said you have to decide it, right? That's absolutely right. And that kind of bleeds over then into the second point. I guess what that's my — I'm just — on this mandate argument, where's the problem? The problem, Your Honor, is that it was — it was, according to our reading of the opinion, was to decide whether or not it was appropriate. But it basically told the Court that if there was significant expense incurred and if time and effort was not recyclable, that those were factors to be considered, to be heavily considered. I guess what you're arguing is that we cabined, in our opinion, what the District Court could do. And so that's going to come down to whether or not we agree with you. Yes, Your Honor. And at least speaking for myself, I'm not so sure we cabined the District Court from looking at other things in the balancing of the equities. You might want to move on to your next point. Yes, Your Honor. The second point of which is that — and this was made clear in the first opinion, that it is an abuse of discretion for a court to fail to conduct sufficient fact-finding. And on that score, the McCants case, which we have cited in this — in our briefing here, as well as in the prior case, it sets forth that the interests of the defendants are of paramount importance. So — and that's true in any Rule 41a2 analysis. So in these unique circumstances, in these circumstances, and we pointed out in the briefing, we had a — the sole Federal cause of action was on the verge of running. The statute of limitations was about to run. And so in these circumstances, we pointed out to the District Court, you should conduct fact-finding to determine whether, in fact, that's the case, because if that is the case, then this condition that you are imposing, which is that the — Yeah, that they might refile, right? Here's the problem I have with that argument. I really want you to think about this and address this. So the other side, the plaintiffs in this case, they said, we want a dismissal without prejudice. You said, we want it dismissed with prejudice. The District Court came in and said, well, I'll dismiss it without prejudice, but I'll give you the attorney's fees if they refile. If we were to reverse and say, no, you shouldn't have done that, the District Court would just dismiss it with prejudice, right? Your Honor, in the first decision, the panel, a panel of this Court has already decided that it was within the Court's discretion to allow dismissal. So that's part of the argument. So that's the thing. We've said it's within discretion to decide it without prejudice. But the most you could get, right, the thing you were demanding initially, the objection to their motion was, no, we want a dismissal with prejudice. If you did, if it were dismissed with prejudice, you wouldn't get any money at all. So I don't understand why you think you should get money now. Your Honors, under the. I mean, am I right about that? If it were dismissed with prejudice, you wouldn't get any money. They just wouldn't be able to refile the case. Well, and it is my understanding that if they dismiss with prejudice, that would trigger the substantive, the substantive statute. Now, I may be wrong about that. But that's, that's my answer. Trigger what kind of substantive statute? Well, under the DTSA, which they. Oh, so that goes back to your initial arguments that you wanted attorney's fees in the first appeal. Right. And in the first appeal, there were two issues. Not only the dismissal, but it was the conditions. That's what, which, of course, led to this remand to address the conditions. Right. And so in our argument, Your Honors, is that there is not, there was an insufficient fact-finding to determine, are you, are you, in fact, imposing a condition which will never occur because the DTSA is about to run? And that's what I don't understand. If they're never going to refile the suit, let's just say that you're exactly right about that. They're never going to refile it. They don't want to refile it. It's barred by the statute of limitations. They're never going to refile it. Then that's the same thing. That's, that's what you would get if the district court had just dismissed with prejudice. But under this McCance case, it makes it very clear, and we've cited, I believe, other cases in our briefing, that because the interests of the defendants are paramount and because considerable expense has been incurred, it's appropriate. Yeah, but isn't it, it's not, it's not just expense, right? It's the idea that you might have to duplicate the expense, right? If a dismissal without prejudice means that they could refile and then you'd have to duplicate the expense, you're saying they're never going to refile. My question is, why aren't you happy? Your Honor, because we've been put to considerable expense. Yeah, but you won't, but it won't be duplicated, right? The reason why you have an argument for attorney's fees and expenses is not just cause. It's because it would be unfair if you had to duplicate those expenses in a second action. And Your Honor, and I see my time is running out. To us, the unfairness is not only, the unfairness is that it's what's already been spent. Right. You don't want to, I mean, you're like every defendant. You think it's bad that you were sued and you didn't want to pay for your lawyers to defend the lawsuit. I get that, but I'm trying to figure out why we should care because it seems like the thing that attorney's fees and expenses under Rule 41 is trying to get at is not just you had to defend this lawsuit, so we're going to give you your expenses. It's the problem of potentially having to defend it again because it's dismissed without prejudice instead of with prejudice. And I would only answer the McCants tells courts that you're supposed to care, that it is a legitimate condition of a voluntary dismissal. Yeah, but that's to ensure that the plaintiff doesn't turn around and whack you at the next opportunity with another lawsuit. That's all it's to ensure. It seems to me like what you're really complaining about and what you'd really like to be reimbursed for over and beyond what Judge Brasher said every defendant wants to be is without, because you didn't get what you asked for with prejudice, you had the anxiety that they might refile and you couldn't claim, aha, we prevented them from refiling, we win. As it turns out, you get the same thing they didn't refile. But, you know, this, I'm with Judge Brasher, this mystifies me as to how you think we can get to the point you're asking us to get to other than the general language that the interest of the defendants are paramount. That doesn't mean the defendants get fees and costs no matter what. You're not arguing that they are. Look, it's not just if you didn't get one. Suppose the plaintiffs had dismissed it without prejudice. You wouldn't have gotten anything then either. So they did it without prejudice. You ask the court, no, no, no, make them do it with prejudice. And the court says, no, but I'll condition it. You know, suppose the court had said, I'll condition it on them never filing anything again and promising me that. And the plaintiffs said, okay, we promise we won't do it. Here's a stipulation, we won't file anything again. You wouldn't be entitled to fees and costs, would you? That's tantamount to a dismissal with prejudice in that scenario. Well, so is this situation when we look at it from this perspective. They didn't refile. The district court says, if you do, I'm going to consider making you pay fees for the overlap. Your Honor, I would just emphasize that McCants. Okay, let me give you this quote from McCants, okay? Because I don't know that you've read McCants. So it says, yes, you do have to care about the defendant's interest, but the thing that you're trying to protect the defendant against is, quote, a subsequent similar suit between the parties, end quote, right? You want to protect the defendant against that. And you're saying that's never going to happen. And that's your concern, that it's never going to happen. That's why, why didn't you get everything you could possibly have gotten? Your Honor, I look to the first opinion. I look to the factors itself for it to be considered. I look to the fact-finding that took place on remand. And beyond the scope argument, we also look to the, the expiration of the statute of limitations. We look to, we look to all the things that were set forth, and we just don't think that the district court did what this court asked it to do. Okay. So I see that run way over, and I thank you. Thank you. Mr. Zak. Good morning, Your Honors. David Zak, appearing on behalf of the Appellees. Your Honors, I would like to start with a jurisdictional question. That wasn't mentioned by a brother counsel, but I think that should be considered as well here. The How can a district court's view of its order or a motion control our jurisdiction? Well, I think it's, it's not the court's view, but it's the, I think the court's rule, description of the self-styled motion to alter remand judgment was correct. That it was So you would agree then that, that for us to find that we don't have jurisdiction, we would have to agree with the district court's view of the motion? Yes, Your Honor. Okay. Yeah. And it should, and I believe recently the, I think it's an unpublished decision. I don't have the name off the top of my head, but I think a panel of the 11th Circuit, you know, dismissed an appeal arising from the denial of a motion for attorney's fees that was styled as a Rule 59e motion, and the court held that it did not have jurisdiction. You know that an unpublished opinion is certainly not binding on us, and you haven't even given us a case name, so the persuasiveness of that case has just dropped dramatically. I understand. I'll move on. I'll move on. But my argument, though, is that it doesn't function as a tolling 59e motion. What do you do with the fact that the drafters of Rule 59 added a comment to the Rule 59, which I don't think you guys have cited, that it said specifically that E was added to ensure that a court could alter or amend a dismissal without prejudice under Rule 41? Oh, really? Okay. Yeah. Well, I'll move on. I'll move on to the next argument. I must have missed it. As far as the mandate rule that was argued by my brother counsel, I disagree that the court ran afoul of the mandate. The court never, the prior panel of this court, never circumscribed the court's very broad discretion in deciding what type of conditions, if any, to fashion. One decision, this is U.S. versus $70,670 at the end. I think the last sentence of that opinion, this is a published decision from this court, court held that it's not ultimately required, you know, a district court is not ultimately required to award any fees at all in the exercise of its discretion. That's just not a requirement. The court actually did, you know, award fees as a condition, but awardable upon refiling. In the first appeal, the panel noted that the record on appeal was devoid of any type of timesheets or any kind of material, you know, specifying exactly what the attorney's the appellants. And on the second appeal, the record is still devoid of any timesheets. I must point that out. And although the court, the district court found that it appears that the work on the tortious interference and the preliminary injunction motion were not apparently useful, and it says at this, I think her language was at this time, you know, it decided to impose those, award those fees upon refiling. And it's at that time that you'd know really whether those fees were useful, in fact, or not to the parallel state court litigation, which is still ongoing. I'm not sure it helps you to say that the district court this time around, you know, also didn't have timesheets. I'm not sure that cuts in your favor. That may cut in your opponent's favor. Well, I mean, they're the ones that are claiming the fees. I mean, they should have the burden of coming forward with specificity as to what work that, what the work they actually did was. I mean, they say it amounts to hundreds of thousands of dollars. Well, and we did direct the district court to consider all that. So, again, I'm not sure that cuts in your favor that the district court did not. In any event, the court was well within its discretion in awarding fees as a condition of refiling. There are numerous cases published from the Eleventh Circuit in which the court has affirmed voluntary dismissal without prejudice on the condition that fees be paid on refiling, particularly the Pottenberg case in which the court also relied on 41D as authorizing a district court to require a plaintiff to pay costs on refiling. Also, the Versa Products v. Home Depot case from 2004 is another case where the district court imposed a condition of payment of fees on refiling, and the Eleventh Circuit affirmed, and it also, as part of his reasoning, said that the condition of paying the fees on refiling is, quote, plainly intended to protect the defendant from the unfairness of duplicative litigation. Then also in the Arias case, another case where the district court imposed the condition of payment of fees on refiling, the Eleventh Circuit affirmed, and it reasoned that the district court's attachment of conditions to dismissal, in particular requiring the plaintiff to pay attorney's fees and costs incurred in this litigation if she refiles, weighs in favor of affirming the district court's voluntary dismissal without prejudice. One thing about this case, which is, you know, makes the condition of payment of fees on refiling even more reasonable is the fact that there's a parallel state court litigation going on right now. Trial is, I just checked the docket this morning, is set for sometime next year, and we don't even know, you know, to what extent, you know, the full extent to which the work done by the appellants will be useful in that particular litigation. Well, I think the case of district court, in keeping with what we asked the district court to do, did clarify its initial order and said the breach of contract claims carry over to the state court, but then specifically said the other ones that we asked the district court to consider did not. She said, yes. She said apparently at this time it does not appear something like that. Something that affected. So you're suggesting that while the district court's order may currently be correct, the claims could expand on the state side? Yes, Your Honor. And so I think the fact that there's, first of all, like a lot of these fees are reusable in the state court litigation. That's a fact that wasn't even present in, you know, this Pottenberg. Then there's also this Robert Enterprises. I don't believe that one was published, but there's Roberts Enterprises. Versa Products was published. Arias v. Cameron was published. All those cases, there wasn't this parallel state court litigation, and still the court 11th Circuit affirmed the imposition of a condition of payment of fees on refiling. Can I ask you this? I mean, so I read the briefs in the first appeal, okay? And in the first appeal, the big argument from the executives, right, was, look, had we gotten a with prejudice dismissal, we would be entitled to attorney's fees under the fee-shifting provision of one of these statutes. And they said, look, to us, it seems like your clients are just showing up after summary judgment, moving to dismiss as kind of gamesmanship to prevent us from getting our fees when we ultimately win on these claims. Is that something that we should consider at all for this second appeal? What do you think about that? Well, no, Your Honor. I mean, McCann's decision said that it's not evidence of bad faith to move for voluntary dismissal after summary judgment motion. I believe there are some other cases where the court held the same thing. And the district court found that there was no bad faith. And, you know, I believe the appellants casually used the word, you know, frivolous and bad faith and all these things. But the district court found that there was no bad faith. It denied sanctions. Throughout the case, it denied these various requests for sanctions multiple times. None of those were appealed in the first case. None of those were appealed in the second case. So there's no bad faith, nothing bad that was there. You know, what about the not? Okay. Okay. I agree there's no bad faith. What about just the idea that by you dismissing your claims, you mooted out their potential statutory right to attorney's fees? I think that's — that issue of whether they were entitled to attorney's fees under the Trade Secrets Act, I mean, that wasn't even — that just wasn't briefed. I don't — you know, I'm not so familiar with that statute. Right. They didn't raise that as an issue on this appeal. It was never briefed. And it's — I can't say that they were entitled to anything. I don't — it's an unusual case where somebody would be entitled to something as just by a — I can't imagine why they — by virtue of a voluntary dismissal of prejudice that they would all of a sudden be entitled to a bunch of attorney's fees. That doesn't seem in accordance with any principles or cases that I've ever seen. All right. Thank you, Your Honors. Thank you. Mr. Castillo, you have five minutes left for rebuttal. Thank you. I will, of course, confine what I have to say strictly to what my brother attorney had to say. I understand that the Rule 59 arguments are essentially off the table based on the back and forth of that. With regard to the issue of the submission of timesheets, what, in fact, occurred before the Court was the issue of whether — of entitlement, which is — you know, it's common in trial court practice to have an entitlement hearing to determine whether or not fees or costs are awardable, and then a second phase to get to the quantum issue. In other words, with expert testimony by submission of affidavits or testimony, you get to the amount. And that's — that's where this was headed, was to whether or not there was an entitlement. And the Court made findings. It indeed made findings that — that portions of the work would not be recyclable in the case. Now, we have this entire issue of what is going on in the State court case, and there are affirmative defenses which, in that case — and I want to — don't want to run too far afield and get into the merits of that case, but there are set-off and recoupment defenses which will, you know, bear on that. But this Court has made — the district court made a determination and, in fact, favors the executive's position that significant portions of the work would not be recyclable. With regard to the citation of Pottenberg and Versa Products, as we pointed out in our reply brief, those are factually distinguishable cases because we did not have an about-to-expire statute of limitations in those cases. We had it here. In fact, it hasn't expired. And so, Your Honors, we'll just direct your attention to the fairness of the situation, the McCants case, and its progeny. And I'm happy to answer any other questions. But barring saying, I appreciate the hearing. Thank you. Thank you both. We have the case under advisement.